UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Employers Mutual Casualty
Company d/b/a EMC Insurance Companies
as subrogee for Kenneth and Sarah
Orum

                        Plaintiff,

vs.

US GREENFIBER, LLC and
The Home Depot, Inc., d/b/a The Home
Depot Store 2841 SHAKOPEE

                        Defendants.

Court File No.:

**PLAINTIFF'S COMPLAINT**

---

## A JURY TRIAL IS HEREBY DEMANDED

Employers Mutual Casualty Company d/b/a EMC Insurance Companies as subrogee for Kenneth and Sarah Orum, (hereinafter "Plaintiff"), for its cause of action against Defendants US GREENFIBER, LLC, and The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE states and alleges as follows:

### THE PARTIES

1. That at all times material, Plaintiff is an insurance company authorized to do business in the State of Minnesota.

2. At all times material, Kenneth and Sarah Orum, ("The Orums") hereto, are husband and wife and were the legal owners of and resided at 14939 Highland Ct. NE, City

of Prior Lake, County of Scott, State of Minnesota ("Orum's Home").

3. Defendant US GREENFIBER, LLC is a Limited Liability Company formed under the laws of the State of Delaware and has its principal place of business located at 2500 Distribution St., Charlotte, North Carolina. At all times relevant hereto, US GREENFIBER, LLC was engaged in the business of designing, manufacturing, marketing and selling the insulation that was installed in the Orum's Home.

4. Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE is a corporation that is incorporated under the laws of the State of Delaware, and has a retail store located at 1701 County Road 18, Shakopee, Minnesota. At all relevant times hereto, Defendant The Home Depot, Inc., d/b/a Store 2841 SHAKOPEE operated as a home improvement retailer.

## JURISDICTION

5. Jurisdiction is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Fifty Thousand and No/100ths Dollars ($75,000.00).

## UNDERLYING CLAIMS

7. On November 17, 2008, the Orums purchased from Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE 40 Square Feet of Cellulose Insulation manufactured by Defendant US GREENFIBER, LLC. In addition, the Orums

rented a Cocoon insulation blower identified as Home Depot Tool Rental 698 and 641 from The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE. The insulation blower was manufactured and/or branded by US GREENFIBER, LLC.

8. On November 17, 2008, employees of The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE provided Kenneth Orum instructions for application of the insulation manufactured by US GREENFIBER, LLC and the operation of the Cocoon insulation blower.

9. On November 17, 2008, the Orums operated the rented insulation blower and installed insulation manufactured by US GREENFIBER, LLC in a room of their home. Throughout this installation process, the Orums followed the instructions provided with the insulation blower, by employees of Defendant The Home Depot, Inc., d/b/a Store 2841 SHAKOPEE and Defendant US GREENFIBER, LLC.

10. On November 18, 2008, a fire at the Orum's Home occurred and their home and their personal property suffered extensive damage.

11. The fire originated at the location of the recently installed insulation manufactured by Defendant US GREENFIBER, LLC.

12. That at all times material, The Orums maintained a homeowner's policy of insurance with Plaintiff issued by and providing coverage for the Orum's Home and personal property.

13. The fire and resulting property damage has caused Plaintiff to suffer damages and pursuant to the terms of its insurance contract with the Orums Plaintiff has a contractual right of subrogation.

### FIRST CAUSE OF ACTION - NEGLIGENCE
### THE HOME DEPOT, INC.,
### D/B/A THE HOME DEPOT STORE 2841 SHAKOPEE

Plaintiff realleges the allegations contained at paragraphs 1 through 14 above.

14. That prior to November 18, 2008, Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE held itself out to the public as a reputable home improvement retailer that rented a Cocoon insulation blower and sold insulation for use by the Orums' at their home as more fully described above.

15. That as a home improvement retailer Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE owed a duty to the Orums herein, and others, to warn of the combustible nature of the insulation it sold that was manufactured by US GREENFIBER, LLC.

16. That in performing home improvement retail services for the rental of its insulation blower and the sale of insulation for use in its blower, Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE breached its duty to exercise due care and reasonable care, and failed to exercise due care and reasonable care including, but not limited to, the following:

a. Failing to adequately instruct and warn installers and consumers of proper installation of the insulation it sold.

b. Failing to adequately warn installers and consumers of the combustible nature of the insulation it sold.

17. That as a direct and proximate cause of Defendant The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE's negligence, Plaintiff is entitled to recover from Defendant, pursuant to its subrogation rights, the damages paid in excess of $75,000.00 plus the deductible loss suffered by the Orums.

## SECOND CAUSE OF ACTION - NEGLIGENCE
## US GREEN FIBER, LLC

Plaintiff realleges the allegations contained at paragraphs 1 through 17 above.

18. Prior to November 18, 2008, Defendant US GREENFIBER, LLC designed, manufactured, advertised, inspected, sold, instructed for use and otherwise placed in the stream of commerce an insulation product that was sold by The Home Depot, Inc., d/b/a The Home Depot Store 2841 SHAKOPEE and installed at the Orum's Home and which is referred to in the paragraphs above.

19. That Defendant US GREENFIBER, LLC owed Plaintiff a duty of due care in the design, manufacture, advertising, inspection, sale, and instruction of use of its insulation that was installed at the Orum Home and that Defendant US GREENFIBER, LLC was negligent in the performance of the aforementioned duties.

20. That as a direct and proximate cause of Defendant US GREENFIBER,

LLC's negligence, Plaintiff is entitled to recover from Defendant, pursuant to its subrogation rights, the damages paid in excess of $75,000.00 plus the deductible loss suffered by the Orums.

## THIRD CAUSE OF ACTION - STRICT LIABILITY
## US GREENFIBER, LLC

Plaintiff realleges the allegations contained at paragraphs 1 through 20 above.

21. On or about November 18, 2008, insulation manufactured by Defendant US GREENFIBER, LLC was being used for its normal and intended use by the Orums.

22. The insulation that was designed, manufactured, advertised, inspected, sold, instructed for use by Defendant US GREENFIBER, LLC was in a defective condition and unreasonably dangerous when it left the custody and control of Defendant US GREENFIBER, LLC.

23. Defendant US GREENFIBER, LLC, expected that its manufactured insulation would reach, and did reach, consumers and users without substantial change in the condition in which it was in at the time that it was marketed and/or sold by Defendant US GREENFIBER, LLC is strictly liable for the injuries and damage sustained by the Plaintiff all as more fully described herein.

24. The defective condition of the insulation manufactured by Defendant US GREENFIBER, LLC also consisted of defects in design, and failure to warn, including, but not limited to, the following:

    a.    Combustible nature of its insulation.

    b.    Failing to adequately instruct and warn installers and consumers of proper installation of the insulation

    c.    Failing to adequately warn installers and consumers of the combustible nature of the insulation.

    d.    Misrepresenting to consumers that its insulation was designed in a manner that it was non-combustible.

    e.    Misrepresenting to consumers that its insulation could come in contact with IC rated recessed lights.

25. That as a direct and proximate result of the acts and omissions, defective condition, design defect, and failure to warn, described in paragraphs 19 through 23 above, the Orum's Home and personal property suffered extensive fire damage which has caused Plaintiff to incur substantial expenses and other damages.

26. That due to the Defendant US GREENFIBER, LLC's strict liability Plaintiff is entitled to recover from Defendant, pursuant to its subrogation rights, the damages paid in excess of $75,000.00 plus the deductible loss suffered by the Orums.

### FOURTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY THE HOME DEPOT, INC., D/B/A THE HOME DEPOT STORE 2841 SHAKOPEE AND US GREENFIBER, LLC

Plaintiff realleges the allegations contained at paragraphs 1 through 26 above.

27. Defendants breached implied warranty of fitness and merchantability pursuant to Minn. Stat. §336.2-314 and 336.2-315.

28. That due to the Defendants breach of implied warranty, Plaintiff is entitled

to recover from Defendants, pursuant to its subrogation rights, the damages paid in excess of $75,000.00 plus the deductible loss suffered by the Orums.

**WHEREFORE,** Plaintiff prays for judgment against the above-captioned Defendants in excess of $75,000.00, together with interests, costs and disbursements herein and any such relief the Court deems just and proper under the circumstances.

Dated: November 16, 2010

BROWNSON & BALLOU, PLLP

By: _____
Scott Ballou, Esq. (#4364)
Patrick M. Biren, Esq. (#0317263)
225 South Sixth Street
Suite 4800
Minneapolis, Minnesota 55402
(612)332-4020
sballou@brownsonballou.com
pbiren@brownsonballou.com

*Attorneys for Plaintiff Employers Mutual Casualty Company d/b/a EMC Insurance Companies as subrogee for Kenneth and Sarah Orum*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be interposed pursuant to Minn. Stat. §549.211, subd. 1. The undersigned certified: (1) that the attached pleading is not being presented for any improper purpose; (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) that the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and, (4) that the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

_____
Patrick M. Biren, Esq. (#0317263)